NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 03-4068

UNITED STATES OF AMERICA

v.

JAMES HOLLOWAY,
Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Judge: Honorable Sylvia H. Rambo
District Court No.: 03-cr-00162

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 8, 2006

Before: BARRY and SMITH, *Circuit Judges*,
and DITTER, *District Judge*[*]

(Filed: July 7, 2006)

OPINION OF THE COURT

SMITH, *Circuit Judge.*

James Holloway filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255 seeking to vacate and set aside his guilty plea on grounds that his trial counsel

---

[*] The Honorable John William Ditter, Jr., Senior District Judge for the Eastern District of Pennsylvania, sitting by designation.

provided ineffective assistance. Although the District Court concluded that the representation provided by Holloway's counsel "fell below an objective standard of reasonableness" under the first prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 688 (1984), it nevertheless held that Holloway failed to establish prejudice as a result of his attorney's deficient performance. Accordingly, the Court denied Holloway's habeas petition. Holloway filed this timely appeal. In addition to challenging the District Court's denial of his habeas petition, Holloway also seeks resentencing. For the reasons set forth below, we will affirm the District Court's order denying his petition for habeas relief and deny his request for resentencing.

I.

Holloway was arrested on June 13, 1997, when Harrisburg Police Officers discovered approximately a half-pound of marijuana in his car during a routine traffic stop. He was charged with possession with intent to distribute marijuana in violation of 35 Pa. Cons. Stat. § 780-113(a)(3). Following his arrest, Holloway retained private counsel who represented him in relation to that charge until it was dismissed in August of 1997.

In July of 1997, the Pennsylvania Attorney General's Bureau of Narcotics Investigation began investigating drug-trafficking activities by Holloway and other individuals in the Harrisburg area. In the course of conducting the investigation, Narcotics Agent Thomas Lowe relied heavily on information that he obtained from

Shawn Shepherd[1], a confidential informant. Shepherd had been incarcerated in Dauphin County prison on a parole violation from February of 1997 through June 25, 1997. On July 11, 1997, Senior Deputy Attorney General Shawn Wagner approved the electronic recording of Shepherd's conversations with Holloway and with other individuals under investigation. Wagner specifically told Shepherd not to discuss any pending charges that these individuals might have.

On July 16, 1997, Agent Lowe interviewed Shepherd about Holloway's drug-trafficking activities with another individual named Lipton Gordon. During this interview, Shepherd informed Agent Lowe that Holloway had been arrested by Harrisburg police in June. Agent Lowe subsequently confirmed this information on July 21, 1997.

On July 20, 1997, Shepherd told Agent Lowe that he had visited Holloway's residence and observed more than five pounds of marijuana. Based on this information, Agent Lowe arranged for Shepherd to make a controlled purchase. Accordingly, on July 22, 1997, Shepherd made an electronically-recorded call to Holloway, scheduled a visit to Holloway's home, and purchased one pound of marijuana from him. After the purchase, Shepherd called Holloway to discuss the transaction. That call was also recorded.

Five days later, on July 27, 1997, Shepherd contacted Agent Lowe and notified

---

[1] The record sometimes refers to the confidential informant as "Shepherd" and other times as "Shepard." For purposes of this opinion, we will adopt the spelling used by the parties.

him that he had observed more than twenty pounds of marijuana in the trunk of Holloway's car. Based on this report, Lowe set up another controlled purchase on July 28. The process mimicked that of July 22, except Shepherd purchased three pounds of marijuana. That same day, Agent Lowe obtained a search warrant for Holloway's residence from the Dauphin County Court of Common Pleas. The following day, law enforcement officials searched Holloway's home and seized approximately nine pounds of marijuana. Holloway was not arrested at that time.

Between the end of July and September of 1997, Shepherd made several more recorded phone calls to Holloway. He discovered that, after the search of Holloway's residence, Holloway had begun to use his brother, Ivan, as a middleman for his drug transactions. On September 11, 1997, Shepherd arranged a controlled buy and purchased three pounds of marijuana from Ivan Holloway.

On August 31, 1998, nearly one year after the last controlled purchase, the Pennsylvania Attorney General's office charged Holloway with four counts of possession with intent to deliver a controlled substance and one count of conspiracy. Holloway was originally represented on these charges by the same attorney who represented him in relation to the June 13, 1997 drug charge. Subsequently, however, Holloway discharged private counsel and a Dauphin County assistant public defender took over his case.

At a suppression hearing in the Dauphin County Court of Common Pleas, Holloway argued, among other things, that the recorded telephone conversations were illegal under Pennsylvania law. He also claimed that law enforcement officers violated

his Sixth Amendment right to counsel by eliciting incriminating statements from him during those recorded conversations despite the fact that he was represented by counsel on the June 13 drug-related charge. The Court of Common Pleas suppressed the evidence, concluding that a warrant was required under Pennsylvania law to intercept and record Holloway's telephone conversations with Shepherd. The Court did not address Holloway's Sixth Amendment Claim.

As a result of the Court's decision to suppress the evidence related to the state charges, the United States Attorney for the Middle District of Pennsylvania agreed to prosecute the case in federal court. Accordingly, on May 17, 2000, Holloway was indicted and charged with three counts: distribution and possession with intent to distribute 100 grams or more of marijuana in violation of 21 U.S.C. § 841(a)(1) (Count I), possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count II), and conspiracy to distribute or possess with intent to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. § 846 (Count III). With respect to the distribution and conspiracy charges, the indictment alleged acts spanning from March of 1997 to September 11, 1997.

Pursuant to a plea agreement, Holloway pled guilty to Count III–the conspiracy charge. At a sentencing hearing held on February 9, 2001, the District Court imposed a 125-month term of imprisonment. Holloway filed a timely notice of appeal. His lawyer submitted an *Anders* brief, seeking to withdraw his representation, and Holloway filed a *pro se* appellate brief. Holloway's *pro se* brief addressed both his ineffective assistance

of counsel claim and his Sixth Amendment claims.

On December 20, 2001, this Court issued a non-precedential opinion, granting counsel's motion to withdraw and affirming the District Court's judgment of conviction and sentence. In relevant part, we wrote:

> Holloway presents two issues in his *pro se* brief. He first argues ineffective assistance of counsel. We refuse to review this claim because we generally do not review ineffective assistance claims on direct appeal and prefer that they be raised in a collateral proceeding under 28 U.S.C. § 2255.
> Holloway also claims that incriminating statements were elicited from him in recorded telephone conversations without counsel present, by Shepard and other government informants, in violation of his Fifth and Sixth Amendment right to counsel. He also challenges the use of informants to make drug purchases from him. These arguments lack merit .
> . . .

*United States v. Holloway*, No. 01-1415 (3d Cir. Dec. 20, 2001).

On February 19, 2003, Holloway filed a Petition for Writ of Habeas Corpus in the District Court pursuant to 28 U.S.C. § 2255, arguing that his court-appointed attorney in the federal criminal action had failed to adequately investigate the law and facts related to his Sixth Amendment claim. Had counsel done so, Holloway asserted that the evidence derived from the recorded telephone conversations would have been suppressed and he would not have pled guilty.

After a hearing on the merits of Holloway's habeas petition, the District Court concluded that his counsel's performance fell below an objective standard of reasonableness and directed the parties to file additional briefs regarding whether Holloway was prejudiced as a result of his attorney's ineffective assistance. On October

6, 2003, the Court issued a memorandum opinion, explaining that Holloway "failed to meet his burden of demonstrating that his Sixth Amendment rights were violated." Holloway filed a timely notice of appeal. On November 4, 2003, the Court issued a certificate of appealability as to Holloway's Sixth Amendment claim.[1]

## II.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set forth a two-prong test to evaluate a claim of ineffective assistance of counsel. First, a petitioner must establish that counsel's representation "fell below an objective standard of reasonableness." *Id.* at 688. Second, he must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Individuals who plead guilty may nevertheless raise a claim for ineffective assistance of counsel. In such cases, the question for purposes of evaluating prejudice is "whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

In this case, the District Court concluded that Holloway's lawyer failed to investigate or conduct any research regarding the viability of Holloway's Sixth Amendment claim. Accordingly, the Court held that counsel's representation was deficient. Nevertheless, in considering the merits of Holloway's Sixth Amendment claim,

---

[1] The District Court had jurisdiction pursuant to 28 U.S.C. § 2255. We exercise jurisdiction pursuant to 28 U.S.C. §§ 2253 and 2255.

the Court noted that the Sixth Amendment right to counsel is offense-specific, acknowledged that the right attached to his June 13, 1997 charges, but found that there was insufficient evidence to conclude that "the confidential informant, or any other agent of the state, spoke with [Holloway] concerning anything connected with his June 13, 1997 arrest and the charges stemming therefrom." It therefore concluded that Holloway failed to establish prejudice under the second prong of *Strickland* and denied his petition for habeas relief. We agree and, accordingly, will affirm the District Court's order denying Holloway's petition.

### III.

Holloway contends that he was prejudiced by counsel's ineffective representation because he would not have entered a guilty plea if his attorney had filed a motion to suppress. Holloway's claim, however, presupposes that such a motion would have been granted. Because we conclude that Holloway's Sixth Amendment claim is without merit, we cannot find that he was prejudiced by any shortcomings of his attorney.[2]

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused

---

[2] Because we conclude that Holloway's claim of ineffective assistance of counsel fails under the second prong of *Strickland*, we need not address whether the District Court properly concluded that counsel's representation fell below an objectively reasonable standard under the first prong. 466 U.S. at 697 ("Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one.").

shall enjoy a right . . . to have the Assistance of Counsel for his defence." U.S. Const., amend. VI. In *Michigan v. Jackson*, 475 U.S. 625, 636 (1986), the Supreme Court held that, in accordance with the Sixth Amendment, "if police initiate interrogation after a defendant's assertion, at an arraignment or similar proceeding, of his right to counsel, any waiver of the defendant's right to counsel for that police-initiated interrogation is invalid." The right to counsel, however, is "offense specific." *See, e.g., McNeil v. Washington*, 501 U.S. 171, 175 (1991). Accordingly, "[i]t cannot be invoked once for all future prosecutions, for it does not attach until a prosecution is commenced[.]" *Id.* In other words, invocation of the right protects against police-initiated interrogation only with respect to the particular offense for which the individual is being represented by counsel. "Incriminating statements pertaining to other crimes, as to which the Sixth Amendment right has not yet attached, are, of course, admissible at a trial of those offenses." *Maine v. Moulton*, 474 U.S. 159, 180 n.16 (1985).

     Holloway argues that Shepherd–an agent of the state–attempted to elicit incriminating statements regarding an offense which, although uncharged, constituted the same offense as the June 13, 1997 possession with intent to distribute state charge. Holloway's claim is without merit.

     As the District Court explained, although there was apparently some discussion of the June 13, 1997 offense between Holloway and Shepherd, there is insufficient evidence in the record to establish that Shepherd initiated a discussion regarding the June 13 arrest or attempted to elicit incriminating statements regarding the specific offense of possessing

marijuana with intent to distribute on that date. There is also insufficient evidence to establish that Shepherd questioned Holloway about any offense which could be considered the "same offense" under the Supreme Court's test in *Blockburger v. United States*, 284 U.S. 299, 304 (1932). In *Blockburger*, the Court articulated a test to determine whether "the same act or transaction" constitutes "two offenses or only one." *Id.* It explained that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Id; see also Texas v. Cobb*, 532 U.S. 162, 173 (2001) (holding that the *Blockburger* test is properly applied to determine whether two acts constitute the "same offense" under the Sixth Amendment).

Holloway argues that because the drug conspiracy with which he was charged encompassed the June 13, 1997 arrest and drug-related offense, it should be considered the "same act or transaction." Moreover, he contends that because the federal indictment charged him with a violation of 21 U.S.C. § 846, which includes both attempt and conspiracy to possess marijuana with the intent to distribute, and attempt is a lesser included offense of possession with intent to distribute, Count III of the federal indictment should be considered the "same offense" as the June 13 state charge for Sixth Amendment purposes. We disagree.

First, although the federal indictment charged Holloway with conspiracy for

numerous acts spanning from March of 1997 to September 11, 1997, there is no evidence in the record to establish that any of the alleged acts included Holloway's possession of marijuana on June 13, 1997, nor is there any evidence that drugs that were confiscated from Holloway during the June 13 arrest were calculated as part of his sentence.  We therefore cannot conclude that acts for which he was charged in the federal indictment constitute the "same act or transaction" as that underlying the June 13, 1997 offense.  Second, conspiracy–the specific offense for which Holloway was charged and pled guilty–is different than the possession with intent to distribute offense for which he was charged in connection with his June 13, 1997 arrest: Proof of an agreement is necessary to establish conspiracy, but no such proof is required for the possession with intent to distribute charge.  The June 13 charge and the subsequent federal charge therefore cannot be considered the "same offense" under *Blockburger* and *Cobb*.

Because we conclude that Holloway's Sixth Amendment claim is meritless, we agree with the District Court that he failed to establish prejudice under the second prong of *Strickland*, and accordingly, affirm the denial of his habeas petition.

IV.

In the alternative, Holloway argues that his case should be remanded for resentencing because the District Court imposed sentence based on unconstitutional federal sentencing guidelines.  *See* Appellant's Br. at 22-36.  Since Holloway filed his brief on appeal, the Supreme Court has held that the United States Sentencing Guidelines are unconstitutional when applied mandatorily and has excised those provisions which

require their application. *See United States v. Booker*, 543 U.S. 220 (2005) (declaring that United States Sentencing Guidelines are only advisory). Nevertheless, in *Lloyd v. United States*, 407 F.3d 608 (3d Cir. 2005), we concluded that *Booker* does not apply retroactively to § 2255 petitions where the judgment was final as of the date *Booker* issued. Holloway's judgment of conviction and sentence became final on November 26, 2001, long before the Supreme Court issued its opinion in *Booker*. Accordingly, there is no need to grant a certificate of appealability with respect to this issue or to remand the case for resentencing.[3]

---

[3] The Government argues that we have no jurisdiction to consider Holloway's resentencing argument because the District Court did not issue a certificate of appealability with respect to that question. It nevertheless concedes that this Court could issue such a certificate if Holloway made a substantial showing that the imposition of his sentence constituted the denial of a constitutional right. We note at the outset that the District Court issued the certificate prior to the Supreme Court's decision in *Blakely* and *Booker* and, consequently, had no opportunity to consider the constitutional relevance of those rulings to a habeas petition. At all events, our decision in *Lloyd* is dispositive of the matter, and we need not issue a certificate on the issue or remand the case for resentencing.