IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA-HARRISBURG

2 to α.

JAMES H. HOLLOWAY,

     Petitioner, pro-se

Case No. 1:CR-00-162-01

Judge: Sylvia H. Rambo

   v.

UNITED STATES OF AMERICA,

     Respondents,

FILED
HARRISBURG, PA

JAN 22 2007

MARY E. D'ANDREA, CLERK
Per_____
       Deputy Clerk

## MOTION PURSUANT TO 18 U.S.C. §3582(c)(2) MODIFICATION OF AN IMPOSED TERM OF IMPRISONMENT.

### INTRODUCTION

    Now comes movant to move this court to review and correct errors made by the government and this sentencing court by adopting erroneous, unjustifiable, misinformed information from the P.S.I. Agent with out the use of accurate records being presentence report which this court adopted to sentence movant.  This honorable court has jurisdiction through U.S.S.G. policy §3582(c)(2) and §3553(a) as for what follows.

### JURISDICTION

    This court has jurisdiction under 18 U.S.C. §3582(c)(2), the sentencing guideline policy implemented through U.S.S.G. §1b1.10 Section (c), amended <u>591</u> to conduct a reassessment of

movant's offense of conducts as defined in 1b1.1 applicable not
1(k).  505 corrects a typographical error in a statutory
reference and 461 felon in possession-corrects a clerical error
in reference in that commentary to U.S.S.G. §2k2.1, 433 clarifies
that application of US.S.G. §4b1.2 is determined by the offense of
conviction (the conduct charged in the count of which the defendant
was convicted clarifies that offense of unlawful possession of
a weapon is not a crime of violence for the purposes of this
section). Amend. 433 clarifies the definition of a prior adult
conviction; makes the definitions in §4b1.2(2) more comprehensive;
and clarifies the application of §4b1.2 (3) by specifying the
particular provisions of chapter four, part (A) to which this
subsection refers. Nov. 1. 1991 effective.
Also:

506 Amend.  This amendment defines the term "offense
statutory maximum in §4b1.1 to mean the statutory maximum prior
to any enhancement based on prior criminal record (ie. an enhancement
of the statutory maximum sentence that itself was based upon the
defendant's prior criminal record will not be used in determining
the alternative offense level under this guideline).  This rule
avoids unwarranted disparity associated with variations in the
exercise of prosecutorial discretion in seeking enhanced penalties
based on prior convictions.  It is noted that when the instruction
to the commisssion that under lies §4b1.1 (28 U.S.C. 994(H) was
enacted by Congress in 1984, the enhanced maximum sentences provide
for recidivist drug offenders. (e.g.) under 21 U.S.C. §841 did
not exist. Nov. 1, 1994 effective.

2

amend Relavent conduct when courts apprried criminal history they did not grant relavent conduct as to running parole concurrent with the prior conviction use to apply 4A1.1(e) and (d) adding 3 points amended through <u>591</u>.   1b1.3 Relavent Conduct

<u>1b1.10 Application Notes:</u>        <u>Commentary</u>

1.   Eligibility for consideration under 18 U.S.C. §3582 (c)(2) is triggered only by an Amendment listed in subsection (c) that lowers the applicable guideline range.

2.   In determining the amended guideline range under subsection (b), the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced.   All other guideline application decisions remain unaffected.

<u>1b1.1 Application Instructions</u>

How to apply 1b1.1- "except as specifically directed, the provisions of this manual are to be applied in the following: a,b, c,d,e,f,g,h, i and with commentary/application note: (1.K) as for what follows;

<u>Instructions:</u>

(a) Determine, pursuant to §1b1.2 (applicable guideline), the offense guideline section from chapter two (offense conduct) applicable to the offense of conviction.  see §1b1.2.

(b) Determine the base offense level and apply any appropriate specific offense characteristics, cross references, and special instructions contained in the particular guideline in chapter two in the order listed.

(c) Apply the adjustments as appropriate related to victim, role and obstruction of justice from parts A,B, and C of Chapter Three.

(d) If there are multiple counts of conviction, repeat steps (a) through (c) for each count.  Apply part (d) of Chapter Three to group the various counts and adjust the offense level accordingly.

(e) Apply the adjustment as appropriate for the defendant's acceptance of responsiblility from part E of Chapter Three

(f) Determine the defendant's criminal history catergory as specified in part A of Chapter Four. Determine from Part B of Chapter Four any other applicable adjustments.

(g) Determine the guideline range in Part A of Chapter Five that corresponds to the offense level and criminal history catergory determined above.

(h) For the particular guideline range determine from Parts (B) through (G) of Chapter Five the sentencing requirements and options related to probation, imprisonment, supervision conditions, fines and restitution.

(i) Refer to Parts (H) and (K) of Chapter Five, specific offender characteristics and departures, and to any other policy statements or commentary in the guidelines that might warrant consideration in imposing sentence.

1b1.1 Application Instructions:   Commentary

Application Note (1.k)

(i) The following are definitions of terms that are used frequently in the guidelines and are of general applicability

(except to the extent expressly modified in respect to a particular guideline or policy statement);

(k) "physically restrained" means the forcible restraint of victim such as by being tied, bound, or locked up.


1b1.2 (a)(b)  Applicable Guidelines

(a) Determine the offense guideline section in Chapter Two (offense conduct) applicable to the offense of conviction (ie., the offense conduct charged in the count of the indictment or information of which the defendant was convicted).  However, in the case of a plea agreement (written or made orally on the record) containing a stipulation that specifically establishes a more serious offense than the offense of conviction, determine the offense guideline section in Chapter Two applicable to the stipulated offense.

Refer to the statutory index (Appendix A) to determine the Chapter Two offense guidelines referenced in the statutory index for the offense of conviction.  If the offense involved a conspiracy, attempt, or solicitation  refer to §2X1.1 (Attempt, Solicitation, or Conspiracy) as well as the guideline referenced in the statutory provisions not listed in the staturory index, use the most analogous guideline.  §2X5.1 (Other Offenses).  The guidelines do not apply to any count of conviction that is a class B or C misdemeanor or an infraction.  see §1B1.9 (Class B or C Misdemeanors and Infractions).

(b) After determining the appropriat offense guideline section pursuant to subsection (a) of this section, determine the applicable guideline range in accordance with §1b1.3 (Relavent Conduct).

1b1.3(b) Relevant Conduct (Factors That Determine The  Guideline
Range.)

> (b)  Chapters Four (Criminal History and Criminal
>       Livelihood) and Five (Determining The Sentence).

Factors in Chapters Four and Five that establish the
guideline range shall be determined on the basis of the conduct and
information specified in the respective guideline.

## RELEVANT FACTS AND PROCEDURES

In the following the path laid out by the guidelines the
level under U.S.S.G. §1b1.2(a) and (b) is required to apply the
applicable guideline to the offense of conviction.

1. On August 12, 2000, this court accepted petitioner's
guilty plea and P.S.I. for sentencing on February 9, 2001.

2. The Parole Officer erroneously completed the P.S.I.
without fully taking into account all relevant conduct.  Consequently,
petitioner was mistakenly and unjustifiably deprived of a quantum
of his liberty unlawfully.

3. By the Parole Officer not listing probation violation
as relevant conduct, this imposed a sentence contrary to U.S.S.G.
§5G1.3 provision to petitioner's state probation violation.

4. Also, this court committted an application violation
to the U.S.S.G. §3E1.1 by not following the instructions layed out
in this chapter to warrant the (3) points for acceptance of
responsibility, thereby depriving petitioner of his liberty when
the facts in the record timely support §3E1.1.

5. The Parole Officer mistakenly reported false information in the P.S.I. to warrant a (3) point enhancement under §4A1.1. The record clearly shows a contradiction and error in the Parole Officer's report, thereby depriving petitioner of his liberty unlawfully.

6. The sentencing court mistakenly did not review the records clearly to notice the record granting petitioner of a minor minamal role, unjustifiably depriving petitioner of his liberty unlawfully resulting in a miscarraige of justice.

7. The sentencing court mistakenly sentenced the petitioner with the enhancement from the no longer existing 922(g). The U.S.S.C. policy states without the existing charge of 922(g), the enhancement of (2) points would not exist. Therefore, this court has deprived petitioner of his liberty unlawfully resulting in a miscarraige of justice.

8. It is clear in the record as to the above listed issues in the records of the court. The court has questioned petitioner and his attorney as to whether we wish to argue these issues. The Appeals Court for the Third Circuit asked the same. Therefore, upon this motion, petitioner respectfully requests review and correction of the government's errors with the jurisdiction given above.

## CONCLUSION

Prospective Constitution violation Supreme Court in Stinson v. United States, 508 US 36, 113 S.Ct. 1913 (1993), forbade the application of the sentencing guideline if they violate the United States Constitution. The Supreme Court also held in Glover v. United States, 531 US 198, 121 S.Ct. 696 (2001),

that counsel's failure to object to a sentencing guideline misapplication had significant Sixth Amendment implications.

The record before the court pattenly showed that counsel failed to object to petitioner's assigned errors mentioned above.

Wherefore, movant respectfully moves this court to grant the relief or conduct an evidentiary hearing should there be any dispute to petitioner's asserted contentions herein for relief.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
EASTERN DISTRICT


JAMES H. HOLLOWAY,

     Petitioner, pro-se                     case no. 1:CR-00-162-01


     v.


UNITED STATES OF AMERICA,

     Respondents,


---

MOTION PURSUANT TO 18 U.S.C. §3582(c)(2)
TO MODIFY THE IMPOSITION OF A SENTENCE OF
IMPRISONMENT.

---


Now comes the defendant under the above stated rules to correct the sentence in violation of defendants Fifth Amendment and substantial rights by errors made by this sentencing court through inaccurate information from the records (P.S.I.) in which the court adopted to sentence defendant as for what follows;

18 USC (c)(2) Effect of finality of judgment not withstanding the fact that a sentence to imprisonment can subsequently be-

1) Modified pursuant to the provisions of subsection (c);

2) Corrected pursuant to the provisions of Rule (35) of the Federal Rules of Criminal Procedure and Section 3742; or

3) Appealed and modified, if outside the guideline range, pursuant to the provisions of Section 3742; a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes.

## U.S.S.G. §3553(a) Imposistion of a Sentence

(a) Factors to be considered in imposing a sentence..
The court shall impose a sentence sufficient, but not greater
than necessary, to comply with the purposes set forth in paragraph
(2) of this subsection.

(2) the need for the sentence imposed:

(A) to reflect the seriousness of the offense, to promote respect
for the law, and provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant with
needed educational training, medical care, or other correctional
treatment in most effective manners.


## 18 U.S.C. §3742 REVIEW OF SENTENCE

§3742(A) Appeal By A Defendant, - a defendant may
file a notice of appeal in the district court for review of an
otherwise final sentence if the sentence-

1) was imposed in violation of law;

2) was imposed as a result of an incorrect application
of the sentencing guidelines; or

3) is greater than the sentence specified in the applicable
guideline range to the extent that the sentence includes a greater
fine or term of imprisonment, probation, or supervised release than
the maximum established in the guideline range, or includes a
more limiting condition of probation or supervised release under
Section 3563(b)(6) or (b)(11) than the maximum established in the
guideline range; or

4) was imposed for an offense for which ther is no sentencing guideline and is plainly unreasonable.

### §1b1.10 Reduction In Terms of Imprisonment as a Result of Amend. Guideline Range. Policy Statement.

(A)  Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the guideline manual listed in subsection (c) below, a reduction in the defendants term of imprisonment is authorized under 18 U.S.C. §3582(c)(2) is not consistant with this policy statement and thus is not authorized.

Subsection (c) Amendments covered by this policy statement are listed in Appendix (c) as follows; 126-130-156-176-269-329-341-371-379-380-433-454-461-484-488-490-499-505-506-516-591-599-606 and 657.

Application Notes;

1.  Eligibility for consideration under 18 U.S.C. §3582 (c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range.

### 1b1.2(b) Applicable Guidelines

(b) After determining the appropriate offense guideline section pursuant to subsection (A) of this section, determine the applicable guideline range in accordance with §1b1.3 (Relevant Conduct).

## 1b1.3(b) Relevant Conduct Factors That Determine the Guideline Range.

(b)  Chapters Four (Criminal History and Criminal Livelihood) and Five (Determining the Sentence).  Factors four and five that establish the guideline range shall be determined on the basis of the conduct and information specified in the respective guidelines.

## 5G1.3(b)(1)(2) Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment

(b) If subsection (A) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (A)(1), (A)(2), or (A)(3) of §1b1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows;

(1) The court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determeines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and

(2) The sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

ACTUAL AND FACTUAL
FINDINGS OF THE RECORD

The courts must maintain it's records, also the courts must properly review information that is to be used for purposes of sentencing a defendant in not doing so the courts violate the 5th Amend. and substantial rights of a defendant.  As for what follows:

Sellers v. Bureau of Prisons, 959 F2d 307 (D.C. 1992)

(3) and (4) as long as information contained in agency's files is capable of being verified, then under Privacy Act, agency must take reasonable steps to maintain accuracy of information to assure fairness to individuals and, if agency willfully or intentionally fails to maintain its record in that way and consequently makes determination adverse to individuals, it will be liable to that person for money damages.  5th Amend. 18 U.S.C.A. §552(A)(E)(5),(G)(1)(C), (G)(4).


United States v. McDavid, 41 F.3d 841 (2nd cir. 1994)

(2) Contention that sentence was imposed in violation of law is reviewable.

(3) Judge's material misapprehension of fact is ground for vacating sentence because it may constitute denial of due process, especially when defendant lacks opportunity to reply. Const. 5th Amend. 18 U.S.C. §3742 (A)(1)

(5) Sentence based in part on material misinformation may not stand.  U.S.C.A. Const. Amend. U.S.C.A. 3742(A)(1).

13

<u>United States v. Powell</u>, 176 Fed Appx. 276 (3rd cir. 2006)
states:

> "Imposition of sentencing increases under mandatory
> sentencing guidelines was plain error for defendant
> convicted of drug conspiracy requiring remand for
> resentencing under advisory guidelines.  U.S.S.G.
> 1b1.1 et. seq., 18 U.S.C.A.
> Powell argues that the district court violated <u>Booker</u>
> by calculating his sentence based on facts not charged
> in the indictment,  admitted by him or found by
> a jury by proof beyond a reasonable doubt, and by threating
> the sentencing guidelines as mandatory.
> Powell also argues for the first time on appeal that
> the district court violated his 6th Amend. Rights as
> elucidated in <u>Booker</u> by applying two sentencing
> enhancements based on facts not admitted in his guilty
> plea or found by a jury beyond a reasonable doubt. "
> <u>United States v. Cooper</u>, 437 F3d 324-330 (3rd. cir. 2006)

<u>United States v. Weaver</u>, 175 Fed. Appx. 506 (3rd. cir. 2006)

1) the party challenging the P.S.I. bears the burden
to produce evidence that tends to indicate that the report
is incorrect or incomplete.  <u>United States v. McDowell</u>, 888 F3d.285,
290 n.1 (3rd. cir. 1989).  The ultimate burden of persuasion rest
on the party seeking to adjust the sentence.

2) Rule 32 (i)(3)(B) <u>United States v. Gonzalez</u>, 176
Fed. Appx. 230 (3rd cir. 2006) we strictly enforce this madatory

requirement of Rule (32) failure to comply with it is grounds for vacating the sentence. United States v. Gricco, 277 F3d. 339, 355 (3rd, cir. 2002).

The role of the provision is two-fold: first, it ensures that the sentencing court relies on a tested and accurate presentence report (P.S.I.); Second, it assures that the Bureau of Prisons will have accurate informantion to use in determining the manner of confinement and conditions of release. United States v. Furst, 918 F2d 400, 406 (3rd cir. 1990).

United States v. Sandles,80 F3d 1145 (7th cir. 1996)
Unites States v. Simpson, 8 F3d. 546 (7th cir. 1993) states:

Due process requires that defendant be sentenced on basis of accurate information.

United v. Kerley, 838 F2d. 932 (7th cir. 1998)
United v. Benson, 836 F2d. 1133 (8th cir. 1988) states:

Due Process is violation when information on which defendant is sentenced is materially untrue or is misinformation and,

Government must prove facts in presentencing report by preponderance of evidence.

United States v. Manotas-Mejia, 824 F2d. 360 (5th cir.1987) states:

Failure of district court to correct any factual inaccuracy in presentence investigation report (P.S.I.) may be raised for the first time on appeal and requires resentencing.

United States v. Curran,  925 F2d. 59 (1st cir. 1991)

United States v. Mueller, 902 F2d 336 (5th cir. 1990) states:

Defendants, including those who plead guilty have a due process right to be sentenced upon information which is not false or materially incorrect. (5th Amendment)

The following will provide arguments to show that the courts lack of maintaining accurate records and applying this misinformation to defendant's sentence constitutes a miscarraige of justice.

## POINT I

### 3E1.1 Acceptance of Responsibility

A.  If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2. levels.

B.  If the defendant qualifies for a decrease under subsection (A) the offense level determined prior to the operation of subsection (A) is level 16 or greater and upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his (own) misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permiting the government and the court to allocate their resources efficiently, decrease the offense level by 1 additional level.

THE COURT ERRED BY NOT PROVIDING THE PETITIONER
(3) POINTS DOWNWARD DEPARTURE FOR ACCEPTANCE OF
RESPONSIBILITY PURSUANT TO U.S.S.G. §3E1.1.

Supporting Facts

Petitioner timely pled guilty pursuant to plea agreement entered into on August 8, 2000.  In accordance to §3E1.1 petitioner should have been awarded (3) points decrease of sentence,

but the court failed to make said points a part of his deduction/ downward departure. The Pre-sentence Investigation Report (P.S.I.) is thereto silent with concerns of attributing in questioned three points as well.

Petitioner's "Judgment and Committment Order" states, "The court adopted the factual findings and guidelines application in the presentence report (P.S.I.), except the court grants a 3-point reduction for acceptance of responsibility as to the gun possession which has been dismissed by the government. Be it gun possession, or acceptance as a whole, petitioner's record reflects that he 'never' received three points pursuant to §3E1.1." see, Exhibit (A), Judgment and Committment.


## LAW IN SUPPORT

United States v. Munoz, (1996 calri, 83 F3d. 7) §§3E1.1(b)(2) requires that defendant timely notify authorities of his intention to enter quilty plea.

United States v. Mathews, (2002, ND. Ill.) 255 F.Supp. 2d 893 permitting government to avoid preparing for trial and permitting court to allocate its resources efficiently, §3E1.1(b). (She was entitled to additional one level credit.)

United States v. Dethlefs (1997 cal Me.) 123 F.3d 39 Courts finding that defendants timely notified authorities of their intent to enter guilty plea so as to warrant three-level discount pursuant to §3E1.1(b)(2) was supportable.

United States v. Wheeler, (2003 CA. 5 Tex.) 322 F3d 823)
District court erred in denying defendant who gave timely notice,
months after indictment, of intent to plead guilty additional one
level reduction under U.S.S.G. §3E1.1(b)

United States v. Brady, (1991) (CA 9 Mont.) 928 F2d. 844
Denial of acceptance of responsibility reduction would be vacated
where sentence court should have articulated its reasons and
justifications for denying §3E1.1 reduction recommended in
presentence report (P.S.I.) notified defendant before sentencing
hearing of tentative findings, and held hearing on acceptance of
responsibility reduction.

United States v. Nielsen, (2004)(CA. 9 Mont.) 371 F3d 574
Factual basis for district courts decision regarding acceptance
of responsibility adjustment is reviewable for clear error,
determination of sentencing Judge is intitled to great deference
on review because of sentencing Judge's unique position to evaluate
defendant's acceptance of responsibility.

United States v. Brown, 47 F3d. 198 (7th cir. 1995)
Defendants need not "come clean" on relevant conduct beyond offense
of conviction in order to obtain reduction in sentencing guidelines
offense level for acceptance of responsibility.

United States v. Deleon-Rodriquez, 70 Fed. 3d 764, 767
(3rd cir. 1995), Whether a defendant has accepted responsibility
so as to warrant reduction in offense level, is a factual matter
and is reviewed under a clearly erroneous standard. U.S.S.G.
§3E1.1 (A) 18 U.S.C.A.

United States v. Felton, 55 F3d 861, 869(3rd cir. 1995)
U.S.S.G. §3E1.1, the district court is particularly well suited
to evaluate a defendant's acceptance of responsibility.  Therefore, its
determination can only be reversed if we find it was clearly
erroneous. United v. Pardo, 23 F3d 1187, 1193 (3rd. cir. 1999)

United v. Frierson, 945 F2d 650, 655 (3rd cir. 1991)
In Frierson, the courts held that (1) sentencing court must
consider all relavent criminal conduct in determining offense
characteristics.

In determining whether specific offense characteristic
applies, for purposes of determining base offense level, sentencing
Judge in not contrained to look only at specific conduct for which
defendant was convicted, with few exceptions, Judge must consider
all relavent conduct.  U.S.S.G. §1b1.3, 18 U.S.C.A. App.

Although district courts findings that defendant did not
accept responsibility, for sentencing purposes, may be reversed
only if clearly erroneous,  question of whether district court
correctly interpreted sentencing guideline providing for offense level
reduction for acceptance of responsibility is subject to plenary
review. U.S.S.G. 3E1.1, 18 U.S.C.A. App.

Sentencing court may consider whether defendant
has admitted or denied conduct beyond specific conduct of
offense of conviction in course of determining whether to grant
two-level reduction in offense level for acceptance of responsibility.
U.S.S.G § 3E1.1., 18 U.S.C.A App.

Because Mr. Arcuri did not review the record nor investigate the P.S.I. to argue/object to this issue it constituted a miscarriage of justice.

And because this court did not maintain misinformation that did not come from facts obtained in the record it constituted a miscarriage of justice.

## POINT II

### 4A1.1 CRIMINAL HISTORY

(d) Add 2 points (if) the defendant committed the instant offense while under any criminal justice sentence, (including probation, parole.) supervised release, imprisonment, work release, or escape status.

(5)   Commentary § 4A1.1(e)

Add 2 points if the defendant committed the instant offense (ie) any relevant conduct less than two years following release from confinement on a sentence counted under §4A1.1(A) or (b).

### 4A1.1 (e)

Add 2 points if the defendant committed the instant offense less than two years after release from imprisonment on a sentence counted under (A) or (b) or while in imprisonment or escape status on such a sentence, if 2 points are added for item (d) add only (1) point for this item.

## THE COURTS ERRERED WHEN SENTENCING DEFENDANT WITH MATERIALLY UNTRUE AND MISINFORMATION VIOLATING DEFENDANTS DUE PROCESS OF THE LAW CONST. AMEND 5TH (INCORRECT INFORMATION)

The courts did not maintain accurate records in applying this inaccurate information from P.S.I to defendant violating defendants due-prossess when courts sentenced him with misinformation and inaccurate federal documents from pre sentence report investigator agents, also violating defendants substantial rights.

Counsel also failed to investigate and object to P.S.I. page 8, section 38 in addition to P.S.I. section 35 as to P.S.I. page 10, section 49, which refers to U.S.S.G. §4A1.1(e) which states in pertinent part: "less than two years after release from prison" (refer to Criminal History stated above), also (see chart as followed in detail) also see P.S.I. Exhibit (B).

Two points were added to petitioner's Criminal History in error. Any calculation of the dates in question will show there was more than two years from petitioner's release to the date of the instant offense. If Mr.Arcuri had properly investigated the P.S.I. and objected to the enhancement He would not have prejudiced defendant with this error.

21

CHART FROM P.S.I. SUPPORTING

ARGUMENT ISSUE (II)


CRIMINAL RECORD REPORT (P.S.I.)


A.  On Page 8 of P.S.I. Section 38 states; Because the
Defendant committed the instant offense less than two years
after his release from prison in Dauphin County Case No:
2626-94 (Two points are added) pursuant to U.S.S.G. §4 A1 (E).

B.  Page 7 of P.S.I. Section 35 states;

7-16-94       1. Carrying a firearm without a license;
Age 24

            2. Former convict not to own or posses firearm.

            Dauphin County Court Pennsylvania No. 2626 (1994)

C.  On Page 10 of P.S.I. Section 49 states;

8-31-98       Possession with intent to deliver a controlled
Age 28        substance (Four #4 Counts), Conspiracy/ Dauphin
              County Court Pennsylvania No. 3837-(98).

Clearly the actual and factual findings are before this Court,
which clearly demonstrates more than two (2) years and certainly
not less than by age or years.  As P.S.I. has misinformed this
Court.  This report is from the P.S.I. Agents own report.  Inaccurate
information not justified for a two (2) point enhancement.  It must
be corrected...

The record is clear of this issue; clearly the above stated
Rule under U.S.S.G. §4A1.1(E) states the (Key-Words), less than
two (2) years after release from prison.  In case No 2626-94, two
(2) points where added and must be removed.  This is a clear
5th Amendment violation of Due Process and a violation of
Defendants' substantual rights.

On Page 3, of the P.S.I. Section 14, it states [Mr. Holloway

was 'charged' and arrested on Dauphin County charges related to this conduct (Federal Charges) on August 31, 1998, instant offense, and released on $75,000 thousand dollar bail.[Before the State Court Judge Janean Turgeon.]

This is a clear contradiction in the Parole Agent's Report from his own investigation and research in Defendants P.S.I.. His conclusion - facts even show more than two (2) years Defendant committed an act up to the instant charge. Therefore, not having the grounds to enhance Defendant by two (2) points, yet upon his own misunderstanding of his own investigation, the Agent managed to apply two (2) points enhancement to the Defendant, which must be corrected.

U.S. v. Kerley  838 F2d. 932 (7th Cir. 1998)

U.S. v. Benson, 836 F2d 1133 (8th Cir. 1998)

States; Due Process is violation when information on which Defendant is sentenced is materially untrue or is misinformation.

Government must prove facts in Pre-Sentencing Report by a preponderance of evdience.

U.S. v. Curran, 925 F2d 59 (1st Cir. 1991)

U.S. v. Mueller, 902 F2d 336 (5th Cir. 1990)

States; Defendants, including those who plead guilty, have a Due Process Right to be sentenced upoon information which is not false or materially incorrect. (5th Amendment)

U.S. v. Sandles, 80 F3d 1145 (7th Cir. 1996)

U.S. v. Simpson, 8 F3d 546 (7th Cir. 1993)

States; Due Process requires that Defendant be sentenced on basis of accurate information.

Because Mr. Arcuri simply ignored this issue and did not review the record nor investigate the P.S.I. to argue and object

to this issue, it constituted a miscarriage of justice, and because the Court used this misinformation to sentence Defendant, it constituted a miscarriage of justice.

## POINT III

### 3B1.2 MITIGATING ROLL IN THE OFFENSE

3B1.2 Based on the Defendant's role in the Offense, decrease the Offense level as follows:

A.  If the Defendant was a minimal participant in any criminal activity, decrease by four (4) levels.

B.  If the Defendant was a minor participant in any criminal activity, decrease by two (2) levels. In cases falling between (A) and (B) decrease by three (3) levels.

NOTE:

U.S. v. Gessa, 57 F3d 493 (6th Cir. 1995)

U.S. v. Logan, 54 F3d 452 (8th Cir. 1995)

States; When sentencing Drug Conspiracy Defendants, government bears burden of proving, by preponderance of evidence, quantities of drugs attributable to each Defendant.

COUNSEL ERROR IN NOT REVIEWING AND INVESTIGATING
P.S.I. IN NOT DOING SO VIOLATED DEFENDANTS 5TH
AMENDMENT AND SUBSTANTIAL RIGHTS AS TO
MITIGATING ROLL IN THE OFFENSE OF SECTION  3B1.2

Mr. Arcuri failed to object to the miner/minimal role when the  record would clearly support this argument for support. Petitioner points to P.S.I., Page 1, Section 4, which states in part that most of the Marijuana came from Shawn Shephard, as stated by record to P.S.I. Agent, and Shephard identified his source as Lipton Kevin Gordon, (A.K.A. Biggy). Gordon stated in

his own interview, P.S.I. Page 2, Section 10, - Gordon identified Mr. Robert Campbell as Lipton's supplier in Los Angeles and stated that he, Mr. Gordon, had been dealing with Robert Campbell since the beginning of 1997.

The information in the P.S.I. clearly supported a downward departure, pursuant to a minor-minimal role. Mr. Arcuri simply failed to review and investigate the P.S.I. to protect Defendants' substantial rights and 5th Amendment Due Process. (See Exhibit B (P.S.I.)

U.S. v. Benford (2004), CA8 Neb. 360 F3d 913 whether particular Defendant qualifies for reduction under U.S.S.G.§ 3B1.2 (b) is question of fact, which determination is reviewed for clear error.

Defendant bears burden of proving he is entilted to minor participant role reduction if he seeks such reduction under U.S.S.G.§3B1.2(b)[Benford]

Minor participant finding must be reversed because Court made finding without hearing proof from either party, relying soley on Presentencing Report. U.S. v. Kingston (1990, CA6 Tenn. 922 F2d 1234, 113 ALR Fed. 835 (1991) 500 U.S. 933, 114 led 2d 460, 111 S. Ct. 2054.

In reviewing District Courts decision to grant or deny sentencing reduction based on Defendants' role, Court Of Appeals for the Eighth Circuit generally uses clear error standard, because evaluation of participants status in offense involves factual determination. (U.S. v. Stanley (2004 CA8 Iowa) 362 F3d 509, also see U.S. v. Calderon (1999 App. DC) 333 U.S. App. DC 353, 163 F3d 644.

Because Mr. Arcuri failed to argue and object to this issue review and investigate this case/P.S.I. it constituted a

miscarriage of justice, and because the Court's sentence
Defendant using the P.S.I., it constituted a miscarriage of
justice.

### POINT 4

ENHANCED FOR FELON IN POSSESSION OF

A FIREARM (922 G)


If the courts decline to charge the defendant for
(922(G) which felon to possess a fire arm would automatically
apply would not exist with out conviction of (922(G).

The enhancement must be removed because defendant was
not convicted of (922(G) nor found guilty before a jury for
(922(G).

The misinformation is inaccurate and in violation of
defendants 5th Amend. Due-process and  substantial rights.
The two point enhancement defendant is serving time for is cruel
and unusual punishment for an enhancement for (922(G) that
defendant is not serving time for because the (922(G) has been
dismissed.

Sentence based on incorrect guildline range constitutes
error affecting substantial rights and can thus constitute
plain error.  U.S. v. Robinson, 20 f.3d. 270 (7th cir 1994)

Due process is violation when information on which
defendant is sentence is materially untrue or is misinformation.
United States v. Kerlery, 838 f.2d 932 (7th cir 1998)
United States v. Benson, 836 f2d. 1133 (8th cir 1988)

The courts errored in applying P.S.I. to defendants sentence which does not obtain facts for sentencing 5th Amend.

The courts must maintain factual records for sentencing and to protect the substantial rights of defendant the courts are binded by the law to correct and remove enhancements for the (922(G) Seller V. Bueau of prison).

Sentence based in part on material misinformation may not stand U.S.C.A. 3742(A)(1).

Judges material misapprehension of facts is grounds for vacating sentence, because it may constitute denial of Due process especially defendant lacks opportunity to reply. Const. 5th. Amend. 18. U.S.C.A. §3742(A)(1)

Because Mr.Arcuri failed to have interest in this case and failed to adequately review and investigate this case it constituted a miscarriage of justice. And because the court sentenced defendant without maintaining accurate records constituted a miscarriage of justice.

## CONCLUSION

Wherefore, based on all the factual information addressed in this motion petitioner prays this honorable court to grant relief where the courts have errored and where this court has violated petitioners 5th Amend. due process and substantial rights. Respectfully, the petitioner requests this Honorable court to release him without supervised release immediately as part of defendants relief. In other area's of relief the defendant requests relief deemed accurate and appropriate by this Honorable court.

Respectfully Submitted,


James H. Holloway
10208-067
U.S.P. Allenwood
P.O. Box 3000
White Deer, Pa
17887-3000

MOTION PURSUANT TO §3583(c)(2) IMPOSITION OF A
SENTENCE OF IMPRISONMENT AND PURSUANT TO 3553(a)
IMPOSITION OF SENTENCE


JAMES H. HOLLOWAY

     v.                              1:cr-00-162-01

UNITED STATES OF AMERICA


     Wherefore, Petitioner prays that the court grant him relief to which he may be entitled in every issue raised in this proceeding.


                        _James A. Holloway_
                       James Holloway I.D.#10208-067


     I declare under the penalty of perjury that the foregoing is true and correct:


Excuted on: _1-16-2007_


                        _James H. Holloway_
                       James H. Holloway
                       I.D.#10208-067
                       USP Allenwood
                       P.O. BOX 3000
                       White Deer,Pa. 17887