EXHBIT   A

JUDGMENT
AND
COMMITMENT

AO 245B (Rev 9/00) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

MIDDLE District of PENNSYLVANIA

UNITED STATES OF AMERICA
V.
JAMES HOLLOWAY

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 1:CR-00-00162-001

Frank Arcuri, Esquire
Defendant's Attorney

FILED
HARRISBURG, PA

FEB 0 9 2001

MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

**THE DEFENDANT:**

[X] pleaded guilty to count(s) III

[ ] pleaded nolo contendere to count(s) _____ which was accepted by the court.

[ ] was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number |
|---|---|---|---|
| 21 U.S.C. § 846 | Conspiracy to Distribute and Possess With Intent to Distribute in Excess of 100 Kilograms of Marijuana | 09/11/1997 | III |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s) _____

[X] Count(s) I and II    [ ] is   [X] are dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If orde pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumst

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: 06/26/1970

Defendant's USM No.: 10208-067

Defendant's Residence Address:
Dauphin County Prison
501 Mall Road
Harrisburg, PA 17111

Defendant's Mailing Address:
Same

February 9, 2001
Date of Imposition of Judgment

Signature of Judicial Officer

Hon. Sylvia H. Rambo, United States District Judge
Name and Title of Judicial Officer

Feb. 9, 2001
Date

Certified from the record
Date 2-9-01
Mary E. D'Andrea, Clerk
Per _____ Deputy Clerk

DEFENDANT: James Holloway
CASE NUMBER: 1:CR-00-00162-001

Judgment — Page 2 of 7

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total total term of __125 months__ .

☐ The court makes the following recommendations to the Bureau of Prisons:

X   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

                                                              UNITED STATES MARSHAL

By _____

                                                           DEPUTY UNITED STATES MARSHAL

AO 245B   (Rev. 9/00) Judgment in a Criminal Case
         Sheet 3 — Supervised Release

Judgment—Page __3__ of __7__

DEFENDANT:      James Holloway
CASE NUMBER:    1:CR-00-00162-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term __of 4 years__
As a special condition of release, the defendant shall pay any balance of the fine imposed by this judgment which remains unpaid at the commencement of the term of supervised release in minimum monthly installments of no less than $50.00.

   The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

   The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

- ☒ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

   If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

   The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Judgment—Page __4__ of __7__

DEFENDANT:      James Holloway
CASE NUMBER:    1:CR-00-00162-001

# ADDITIONAL STANDARD CONDITIONS OF SUPERVISION

14) the defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon.

15) the defendant shall participate in a program of testing and treatment for drug abuse, as directed by the Probation Officer, until such time as the defendant is released from the program by the Probation Officer.

16) the defendant shall notify the Court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines or special assessment.

17) the defendant shall not incur new credit charges or open additional lines of credit without the approval of the Probation Officer unless the defendant is in compliance with the installment schedule for payment of restitution, fines or special assessment.

18) the defendant shall provide the Probation Officer with access to any requested financial information.

AO 245B  (Rev. 9/00) Judgment in a Criminal Case
Sheet 5, Part A — Criminal Monetary Penalties

Judgment — Page 5 of 7

DEFENDANT: James Holloway
CASE NUMBER: 1:CR-00-00162-001

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|        | Assessment | Fine      | Restitution |
|--------|------------|-----------|-------------|
| TOTALS | $ 100.00   | $ 700.00  | $           |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---------------|-----------------------|-------------------------------|-----------------------------------------|
|               |                       |                               |                                         |

TOTALS  $ _____   $ _____

☐ If applicable, restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

   ☐ the interest requirement is waived for the   ☐ fine and/or   ☐ restitution.

   ☐ the interest requirement for the   ☐ fine and/or   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

Judgment — Page 6 of 7

DEFENDANT: James Holloway
CASE NUMBER: 1:CR-00-00162-001

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  ☒  Lump sum payment of $ _____ due immediately, balance due

   ☐ not later than _____ , or
   ☒ in accordance with  ☐ C,  ☐ D, or  ☒ E below; or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ E below); or

C  ☐  Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☒  Special instructions regarding the payment of criminal monetary penalties:

   The fine and special assessment are payable immediately and are payable during the period of incarceration. Upon release from imprisonment, payments shall be made in accordance with the conditions of supervision and shall be paid in full within 2 years of release from imprisonment. All payments shall be paid through the Clerk of Court, P.O. Box 1148 Scranton, PA. 18501.

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

   Defendant Name, Case Number, and Joint and Several Amount:

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Judgment — Page 7 of 7

DEFENDANT: James Holloway
CASE NUMBER: 1:CR-00-00162-001

## STATEMENT OF REASONS

☐ The court adopts the factual findings and guideline application in the pre-sentence report.

### OR

X The court adopts the factual findings and guideline application in the pre-sentence report, except (see attachment, if necessary):

except the court grants a 3 point reduction for acceptance of responsibility as to the gun possession.

**Guideline Range Determined by the Court:**

    Total Offense Level:    25

    Criminal History Category:    V

    Imprisonment Range:    100   to   125   months

    Supervised Release Range:    4   to   5   years

    Fine Range: $ 10,000 to $ 100,000

X Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $ _____

☐ Discretionary restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(a)(B)(ii) (or in offenses committed before April 23, 1996, pursuant to 18 U.S.C. § 3663(d)).

☐ Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property offense because the number of identifiable victims is so large as to make restitution impracticable, pursuant to 18 U.S.C. § 3663A(c)(3)(A).

☐ Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property offense because determining complex issues of fact and related to the cause of amount of the victim's losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process, pursuant to 18 U.S.C. § 3663A(c)(3)(B).

☐ For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

☐ Partial restitution is ordered, pursuant to 18 U.S.C. § 3553(c), for the following reason(s):

### OR

X The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reasons:

A sentence at the high end of the range is given to address the defendant's borderline acceptance of responsibility on the conspiracy.

### OR

☐ The sentence departs from the guideline range:

    ☐ upon motion of the government, as a result of a defendant's substantial assistance, or

    ☐ for the following specific reason(s):

EXHIBIT   B

PRESENTENCE INVESTIGATION REPORT

P.S.I.

BP-S757.013  **INMATE REQUEST FOR CERTIFICATION OR JUDICIAL NOTICE OF**
AUG 02  **PRESENTENCE REPORT AND/OR STATEMENT OF REASONS**  CDFRM
**U.S. DEPARTMENT OF JUSTICE**                              **FEDERAL BUREAU OF PRISONS**

---

TO THE CLERK OF COURT: This form is filed as an ATTACHMENT to my pleading in the following current cause of action or appeal (indicate current case caption, docket no., judicial district, etc.): *middle district court Harrisburg, Pennsylvania*

My current cause of action or appeal is (check all that apply):

___ A direct appeal of my original criminal conviction or sentence (filed with the U.S. Court of Appeals);

___ An original petition for writ of habeas corpus pursuant to title 28 USC §2255, or appeal of its denial, regarding my criminal conviction or sentence (filed with sentencing court or U.S. Court of Appeals); or

_✓_ Other, e.g., §2241 habeas petition; Privacy Act of 1974 (5 USC §552a), etc. (describe): *motion pursuant to 18 U.S.C. §§ 3582(c)(2)*

As part of my current cause of action or appeal, I request the court consider my Pre-Sentence Report (PSR) and Judgement (including Statement of Reasons (SOR)), where necessary, from my **underlying criminal case**, described as follows (indicate underlying criminal case caption, docket no., judicial district, sentencing judge and date, etc.):

*Case No: 1:CR-00-162-01 Sylvia H. Rambo*

**This form is for informational and notification purposes, and is not intended to create a new procedural requirement for inmates, courts, or clerks.**

Respectfully submitted:

| Inmate Signature | Inmate Printed Name |
| --- | --- |
| *James A. Holloway* | *James A. Holloway* |

| Reg. No. | Date Signed | Institution Address |
| --- | --- | --- |
| *10208-067* | *1-16-2007* | *U.S.P. Allenwood* |

---

**DIRECTIONS TO INMATE:** The Bureau of Prisons prohibits inmates from possessing copies of their Presentence Reports (PSR) or Statement of Reasons (SOR) from criminal judgements. This form is for you to **ATTACH** to any court action where, as part of your cause of action or appeal, you request the court to consider your PSR or SOR. Complete this form as indicated, and submit it as an **ATTACHMENT** to your pleading to the court considering your current cause of action or appeal. This form is not a pleading, but an **ATTACHMENT** requesting the court obtain and consider your PSR and/or SOR when needed. You only need this form when your cause of action involves the PSR or SOR. Be sure to indicate in your pleading the specific part(s) of the PSR or SOR you believe relevant to your case.

(This form may be replicated via WP)